**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

───────────────────────────────────────────────────

**BUILDING TRADES UNITED PENSION TRUST FUND and**
**WILLIAM BONLENDER (in his capacity as Trustee),**

                    **Plaintiffs,**

    **v.**                                        **Case No.** 26-cv-872

**MKE IRON ERECTORS, INC.**

                    **Defendant.**
───────────────────────────────────────────────────

**COMPLAINT**
───────────────────────────────────────────────────

**NOW COME** the Plaintiffs, by their attorneys, and as and for a cause of action against the Defendants, allege and show to the court the following:

**Jurisdictional and Venue**

1.    Jurisdiction of this Court upon Defendant MKE Iron Erectors, Inc. ("MKE Iron") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit, as well as untimely submission of, contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plans.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the plaintiff Building Trades United Pension Trust Fund ("Pension Fund") is administered in offices located in Waukesha County, Wisconsin.

### Parties

3. Plaintiff Pension Fund is an employee benefit plan within the meaning of §§ 3(2), (3), and (37), 502, and 515 of ERISA, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3), and (37), 1132, and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4. Plaintiff William Bonlender is a trustee and beneficiary of the Building Trades Pension Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action. Mr. Bonlender maintains an office at 17125 West Cleveland Avenue, New Berlin, Wisconsin. 53151.

5. Defendant MKE Iron is a domestic corporation organized under the laws of Wisconsin, engaged in business with principal offices located at 1201 Dolphin Court, Suite B, Waukesha, WI 53186. The company's registered agent for service of process is Barbara Sheedy, W289S4973 Rockwood Trail, Waukesha, Wisconsin 53189.

### Facts

6. MKE Iron is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

7. For all times relevant, MKE Iron was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements")

2

between itself and the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers Local 8 ("Union").

8. The Labor Agreements described herein contain provisions whereby MKE Iron agreed to make contributions and payments to the Pension Fund by the fifteenth day of the month after the one during which the work was performed.

9. By execution of said Labor Agreements, MKE Iron adopted the trust agreements and amendments thereof; which establish and govern the Pension Fund and are necessary for its administration, and designated as its representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreement, together with their successors selected in the manner provided in such trust agreement, and thereby ratifying all actions already taken or to be taken within the scope of their authority, such as but not limited to the adoption of policies relevant to this lawsuit, including but not limited to the Policy on Employer Accounts.

10. MKE Iron has failed to remit to the Pension Fund all contributions required by its collective bargaining agreements with the Union.

11. Even when MKE Iron has remitted contributions to the Pension Fund, it has often failed to do so by the fifteenth day of the month following the one during which the work was performed; so that, pursuant to the Pension Fund's Policy on Employer Accounts that is binding upon MKE Iron, it owes to the Pension Fund interest of 1.5% per month and liquidated damages of 20% on all untimely remitted contributions.

12. Despite demands from the Plaintiff's auditor, MKE Iron has not complied with the auditor's request for certain books and records needed to complete an audit for the period January 1, 2022, to the present.

3

## Claim Against MKE Iron Erectors, Inc.: Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

13.     As and for their claim for relief against MKE Iron, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 12 above and incorporate the same as though fully set forth herein word for word.

14.     MKE Iron has failed to remit to the Pension Fund all contributions required by the Labor Agreements, in violation of 29 U.S.C. § 1145.

15.     Therefore, on all contributions that remain unpaid from January 1, 2022, through the date of the filing of this Complaint, the Plaintiffs are entitled to recover from MKE Iron all owed contributions; as well as their reasonable attorneys' fees and costs of litigation, interest at 1.5% per month, and liquidated damages of 20% on all owed contributions pursuant to 29 U.S.C. § 1132(g), the Plaintiff Fund's policies on employer accounts, and MKE Iron's Labor Agreements with the Union.

**WHEREFORE**, the Pension Fund demands the following relief:

1.     Judgment on behalf of the and against MKE Iron:

A.     For unpaid contributions, interest, and liquidated damages owed to the Pension Fund for the period January 1, 2022 to the present;

B.     For unpaid contributions, interest, and liquidated damages owed to the Pension Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

C.     Reasonable attorney fees and the costs of this action.

2.     An order directing MKE Iron Erectors, Inc. to fully submit to an audit of the company's books and records by the Pension Fund's auditor for the period January 1, 2022, to the present.

4

3. The Court should retain jurisdiction pending compliance with its order.

4. For such other, further, or different relief as the Court deems just and proper.

Dated this 18th day of May 2026.

s/Alex J. Sterling
Alex J. Sterling (SBN: 1107931)
THE PREVIANT LAW FIRM, S.C.
Attorney for Plaintiffs
301 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI   53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: ajs@previant.com